Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back   Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 16-03-02934

| Gerard Kearney VS. Allstate Indemnity Company | § | | |
|---|---|---|---|
| | § | Case Type: | **Contract-Other <$100,000, incl. damages** |
| | § | Date Filed: | **03/10/2016** |
| | § | Location: | **County Court at Law #2** |
| | § | | |

---

### PARTY INFORMATION

| | | | **Attorneys** |
|---|---|---|---|
| **Defendant** | **Allstate Indemnity Company** | | **JAY SCOTT SIMON** |
| | Dallas, TX 75201 | | *Retained* |
| | | | 713-403-8210(W) |
| | | | |
| **Plaintiff** | **Kearney, Gerard** | | **Matthew J. Worrall** |
| | Houston, TX 77007 | | *Retained* |
| | | | 713-963-8881(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**
| | |
|---|---|
| 03/10/2016 | **Original Petition (OCA)** |
| 03/10/2016 | **E-Filed Original Petition Document** |
| 03/10/2016 | **Civil Case Information Sheet** |
| 03/10/2016 | **Request For Service** |
| 03/10/2016 | **Minute of the Court** |
| 03/10/2016 | **Certified Mail Citation** |
| | Allstate Indemnity Company          Unserved |
| 04/11/2016 | **Answer** |
| 08/15/2016 | **Bench Trial**  (9:00 AM) (Judicial Officer Laird, Claudia) |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Defendant** Allstate Indemnity Company | | |
| | Total Financial Assessment | | 40.00 |
| | Total Payments and Credits | | 40.00 |
| | **Balance Due as of 04/14/2016** | | **0.00** |
| | | | |
| 04/11/2016 | Transaction Assessment | | 40.00 |
| 04/11/2016 | E-File Electronic Payment   Receipt # 2016-81344 | Allstate Indemnity Company | (40.00) |
| | | | |
| | **Plaintiff** Kearney, Gerard | | |
| | Total Financial Assessment | | 433.00 |
| | Total Payments and Credits | | 433.00 |
| | **Balance Due as of 04/14/2016** | | **0.00** |
| | | | |
| 03/10/2016 | Transaction Assessment | | 433.00 |
| 03/10/2016 | E-File Electronic Payment   Receipt # 2016-76614 | Kearney, Gerard | (433.00) |

# EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**
03/15/2016
CT Log Number 528824728

**TO:**   L&R Home Office Intake Unit
Allstate Insurance Company
2775 Sanders Rd # A2W
Northbrook, IL 60062-6110

**RE:**   **Process Served in Texas**

**FOR:**   Allstate Indemnity Company  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GERARD KEARNEY, Pltf. vs. ALLSTATE INDEMNITY COMPANY, Dft. |
| **DOCUMENT(S) SERVED:** | Order, Citation, Return, Petition, Interrogatories, Certificate, Request |
| **COURT/AGENCY:** | 284th Judicial District Court Montgomery County, TX<br>Case # 160302934 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/15/2016 postmarked on 03/11/2016 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Matthew J. Worrall<br>THE POTTS LAW FIRM, LLP<br>100 Waugh Drive, Suite 350<br>Houston, TX 77007<br>713-963-8881 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/16/2016, Expected Purge Date: 03/21/2016 |
| | Image SOP |
| | Email Notification, Jessica Tortorello jessica.tortorello@allstate.com |
| | Email Notification, Aspen Sprague aspra@allstate.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **TELEPHONE:** | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



CERTIFIED MAIL

**USPS CERTIFIED MAIL™**

Montgomery County District Clerk
Beth Rogers, Deputy
301 N Main St
160302934 CCL2
Conroe        TX     77301

9214 8901 4633 9311 2846 35

c/o CT Corporation System
Allstate Indemnity Company
1999 Bryan St
Ste 900
Dallas          TX   75201-3140



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 77301
02 4W
0000337113MAR 11. 2016
$ 006.93°

## Cause no. 16-03-02934

TEMPORARY ORDER FOR TRANSFER OF THE 284TH DISTRICT COURT'S
SHARE OF NEWLY FILED CIVIL CASES WITH AMOUNTS IN CONTROVERSY
LESS THAN $200,000

BE IT REMEMBERED that on this day the presiding judge of County Court-at-Law

Number Two of Montgomery County, Texas and the presiding judge of the 284th District Court

of Montgomery County, Texas agreed that, for a time period beginning February 15, 2016 and

continuing through December 31, 2016, the 5/12 allocation of newly filed civil cases with

amounts in controversy less than $200,000 assigned by the District Clerk to the 284th District

Court under the December 14, 2012 Amended Order of Case Assignment (New and Pending

Cases) will be transferred by the District Clerk from 284th District Court to County Court-at-Law

Number Two. This Temporary Order does not permit the transfer of civil cases involving an

injunction, a Tex. Code of Crim. Proc. Chapter 59 asset forfeiture, foreclosure of a lien on real

property, trespass to try title or requesting a return of property.

SO ORDERED this __5__ day of February, 2016.


Hon. Kathleen Hamilton
Local Administrative District Judge

Hon. Claudia Laird
Local Administrative County Court-at-Law
Judge

Hon. Cara Wood
Judge Presiding, 284th District Court of
Montgomery County, Texas

Hon. Claudia Laird
Judge Presiding, County Court-at-Law
Number Two of Montgomery County, Texas

Date: 2|5|16

# CITATION

## Cause Number: 16-03-02934

Clerk of the Court
Barbara Gladden Adamick
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Matthew J. Worrall
100 Waugh Dr
Ste 350
Houston TX 77007

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To: Allstate Indemnity Company
c/o C T Corporation System
1999 Bryan Street Suite 900
Dallas TX 75201

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable County Court at Law #2 Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 10th day of March, 2016 numbered 16-03-02934 on the docket of said court, and styled, Gerard Kearney VS. Allstate Indemnity Company

The nature of plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 10th day of March, 2016.

(SEAL)

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By: _____

Beth Rogers, Deputy

# OFFICER'S RETURN

Cause No. 16-03-02934                    Court No: County Court at Law #2
Style: Gerard Kearney VS. Allstate Indemnity Company
To:      Allstate Indemnity Company
Address: c/o C T Corporation System
         1999 Bryan Street Suite 900
         Dallas TX  75201

Came to hand the ____ day of _____, 20__, at _____ o'clock, and
executed in _____ County, Texas by delivering to each of the
within named defendants in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Plaintiff's Original Petition, at the following times and places, to
wit:

Name            Date/Time        Place, Course and distance from Courthouse


Manner of service:_____

*And not executed as to the defendants(s)
The diligence used in finding said defendant(s) being:

And the cause of failure to execute this process is:

And information received as to the whereabouts of said defendant(s) being:


FEES:
Serving Petition and Copy        $_____
TOTAL                            $_____

                                                            OFFICER
                                                   County, Texas
                                         By: _____, Deputy

                            AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107 the officer, or authorized person who services, or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is_____ my date of birth is _____, and my
address is _____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in_____ County, State of _____ on the ___ day of
_____, 20____.

                            _____
                            Declarant/Authorized Process Server

                            _____
                            ID# & Exp. Of Certification

Received and E-Filed for Record
3/10/2016 2:25:49 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

Cause No. 16-03-02934
_____

| | | |
|---|---|---|
| GERARD KEARNEY | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| v. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| | § | |
| ALLSTATE INDEMNITY COMPANY | § | _____ · JUDICIAL DISTRICT |
| | § | Montgomery County - 284th Judicial District Court |
| *Defendant* | § | |
| | § | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Gerard Kearney, Plaintiff (hereinafter referred to as "Plaintiff"), and file this Original Petition against Defendant, Allstate Indemnity Company ("Allstate") (to whom will also be referred to as "Defendant"), and respectfully would show this court as follows:

### PARTIES

1.    Plaintiff, Gerard Kearney, is an individual residing in and/or owning property in Montgomery County, Texas.

2.    Defendant, Allstate, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served by serving its Registered Agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, via certified mail, return receipt requested.

### DISCOVERY LEVEL

3.    Plaintiff intends for discovery to be conducted under Level 1 of Rule 190.2 of the Texas rules of Civil Procedure and Plaintiff wishes to proceed with an Expedited Action.

1

4.      Plaintiff seeks only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

5.      If this matter is removable pursuant to 28 U.S.C. Sections 1332(a) and 1441(b) then Plaintiff hereby stipulates that the amount in controversy does not exceed the sum or value of $75,000, exclusive of interest and cost.  If this matter is not removable pursuant to 28 U.S.C. Sections 1332(a) and 1441(b) ten Plaintiff hereby stipulates that Plaintiff seeks only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## JURISDICTION

6.      The Court has jurisdiction over this controversy because the amount in controversy is within the jurisdictional limits of the court.

7.      The Court has jurisdiction over Defendant, Allstate, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

8.      Venue is proper in Montgomery County, Texas, because the insured property is situated in Montgomery County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

9.      Plaintiff is the owner of a property insurance policy ("the Policy") issued by Allstate.

10.      Plaintiff owns the insured property located at 98 South Regan Mead Circle, in Montgomery County (hereinafter referred to as "the Property").  Allstate sold the Policy insuring the Property to Plaintiff.

2

11.     On or about October 22, 2015, a hail storm and/or windstorm struck Montgomery County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property including extensive damage to Plaintiff's roof.

12.     Plaintiff subsequently submitted a claim to Allstate for the damage the Property sustained as a result of the Storm.  Plaintiff requested that Allstate cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

13.     Defendant failed to thoroughly review and properly oversee the work of the assigned adjusters, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim.  As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

14.     Defendant set out to deny and/or underpay on properly covered damages. Defendant failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim.  As a result of Defendant's unreasonable investigation, as described above, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages.  The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property. To this date, Plaintiff has yet to receive the full payment that Plaintiff is entitled to under the Policy and Defendant continues to delay in the payment for the damages to the Property.

15.     Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property,

and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.   Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

16.      Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(1).

17.      Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.0060(a)(2)(A).

18.      Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(3).

19.      Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(4).

20.      Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though

4

Defendant failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.    TEX. INS. CODE § 541.060(a)(7).

21.    Defendant failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

22.    Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.056.

23.    Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

24.    From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.

5

Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

25.    Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

26.    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action.

27.    Plaintiff's experience is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

28.    Each of the foregoing paragraphs is incorporated by reference in the following:

29.    Defendant breached its contract with Plaintiff, violated the Texas Insurance Code and breached the common law duty of good faith and fair dealing.

### A.    Breach of Contract

30.    Defendant breached the contract of insurance it had with Plaintiff. Defendant breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

### B.    Noncompliance with Texas Insurance Code: Unfair Settlement Practices

31.    Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made

6

actionable by TEX. INS. CODE § 541.151.

32.     Defendant assigned its employees and/or agents to adjust Plaintiff's claim.  Defendant's employees and/or agents were improperly and inadequately trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's damages.  During the investigation, Defendant failed to properly evaluate Plaintiff's Storm damages.  Defendant omitted properly covered damages from final reports of Plaintiff's Storm damages including, but not limited to, properly covered roof damages Plaintiff's home sustained as a result of the Storm.  As a result of Defendant's unreasonable investigation, Plaintiff was wrongfully denied on the claim and has suffered damages.

33.     Defendant's misrepresentations by means of deceptive conduct include, but are not limited to:  (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.   These misrepresentations constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1)

34.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.    TEX. INS. CODE § 541.060(a)(2)(A).

7

35.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

36.     Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

37.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

38.     The acts described in the paragraph above constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

C.     **Noncompliance with Texas Insurance Code:  Prompt Payment of Claims Statute**

39.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

40.     Defendant failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

41.     Defendant failed to notify Plaintiff in writing of its acceptance or rejection of the claim

8

within applicable time constraints under TEX. INS. CODE §542.056.

42.     Defendant delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

43.     Defendant knowingly committed each of the acts described above. Therefore, Plaintiff is entitled to three times actual damages under TEX. INS. CODE §541.152.

### D.     Breach of the Duty of Good Faith and Fair Dealing

44.     Defendant breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

### E.     Acts Constituting As Agent

45.     As referenced and described above, and further conduct throughout this litigation and lawsuit, the adjusters Defendant hired are agents of Defendant based on their acts during the handling of this claim, including inspections, adjustments and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE § 4001.051.

46.     Separately, and/or in the alternative, as referenced and described above, Defendant ratified the actions and conduct of the adjusters including the completion of their duties under the common law and statutory law.

### F.     Knowledge

47.     Each of the acts described above, together and singularly, was done knowingly as that term is used in the Texas Insurance Code.

9

## DAMAGES

48.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

49.     The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

50.     For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of the claim, together with attorney's fees.

51.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

52.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

53.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

54.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled

10

to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

55.     Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

56.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

57.     Defendant is requested to respond to the attached interrogatories and requests for production within fifty (50) days.

## PRAYER

58.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendant to appear and answer herein and that Plaintiff has judgment taken against Defendant and recovers from Defendant all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

11

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:    */s/ Matthew J. Worrall*
       **Matthew J. Worrall**
       SBN: 24070883
       **William H. Barfield**
       SBN:  24031725
       **Andrew A. Woellner**
       SBN:  24060850
       100 Waugh Drive, Suite 350
       Houston, Texas 77007
       Telephone (713) 963-8881
       Facsimile (713) 574-2938
       Emails: mworrall@potts-law.com
              wbarfield@potts-law.com
              awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

12

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that

Defendant(s) answer the following Interrogatories and Requests for Production separately and

fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service. Serve

answers to the requests on Plaintiff by and through his/her attorney of record.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.     "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.     "Any" includes the word "all" and "all" includes the word "any".

3.     The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.     Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

5.     The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.     "Identify" or give the "identity of" means:

      i.     In the case of a person, to state such person's
          (1)     full name;
          (2)     last known home and business address and home and business telephone number;
          (3)     employer or business affiliation; and
          (4)     occupation and business position held.

13

ii.    In the case of a <u>document</u>, to state:
    (1)    the identity of the person or persons preparing it and the sender;
    (2)    its title or a description of the general nature of the subject matter;
    (3)    the identity of the addressee(s), if any;
    (4)    its date or dates of preparation;
    (5)    its date or dates and manner of distribution and publication, if any;
    (6)    the location of each copy and the identity of its present custodian;
    (7)    the type of document; and
    (8)    all characteristics by which that document might be distinguished from any other document.

iii.    In the case of a communication in the form of an <u>oral statement</u>, to state:
    (1)    the identity of the person uttering the oral statement;
    (2)    the place at which such oral statement was uttered;
    (3)    the date on which such oral statement was uttered;
    (4)    the identity of each person in whose presence or hearing such oral statement was uttered; and
    (5)    the substances of the oral statement.

7.    "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.    "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.    "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.    "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.    "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.    "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats, microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the original, and also including any reproduction or copies of documents of which the originals are

14

not in the possession, custody or control of Defendant. This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed. If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.     "Incident", "accident", and/or "occurrence", and/or "collision" shall mean and refer to that certain incident which is described in more detail in Plaintiff's Original Petition currently on file herein.

12.     A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter. The information need not be admissible and personal knowledge is not required. Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.     When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:     */s/ Matthew J. Worrall*
        **Matthew J. Worrall**
        SBN: 24070883
        **William H. Barfield**
        SBN: 24031725
        **Andrew A. Woellner**
        SBN: 24060850
        100 Waugh Drive, Suite 350
        Houston, Texas 77007
        Telephone (713) 963-8881
        Facsimile (713) 574-2938
        Emails: mworrall@potts-law.com
                wbarfield@potts-law.com
                awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

15

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.

THE POTTS LAW FIRM, LLP

*/s/ Matthew J. Worrall*
**Matthew J. Worrall**

16

## INTERROGATORIES TO INSURER

1. Identify the name and job title of each person who inspected the Property made the basis of this Lawsuit and the date of the inspection.

   **ANSWER**

2. State the date Defendant closed Plaintiff's claim and to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s)

   **ANSWER**

3. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under the Policy or Texas Insurance Code, and, if so, describe how notice was deficient and the resulting prejudice, if any.

   **ANSWER**

4. Please identify all documents and information requested from Plaintiff at the time the claim made the basis of this Lawsuit was investigated, stating the date and manner in which the request was made, and identify the requested documents Defendant claims Plaintiff failed to provide upon Defendant's request.

   **ANSWER**

5. If you contend Plaintiff's damages claimed in this lawsuit are from a prior insurance claim or prior unrepaired damage, please list all prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any.

   **ANSWER**

6. Describe Defendant's method of determining whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, and whether Defendant has a policy or procedure in place regarding the method of determining O&P.

   **ANSWER**

7. List all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the factual basis that Defendant relies upon to apply that exclusion.

   **ANSWER**

8. State whether Defendant applied depreciation to labor and removal of the roof in the claim made the basis of this lawsuit, identifying the basis for that depreciation and the applicable policy section.

   **ANSWER**

9. State the Date Defendant first anticipated litigation.

   **ANSWER**

10. State whether the estimate(s) prepared for the claim made the basis this Lawsuit by Defendant, or on Defendant's behalf, failed to identify any storm related damage at the Property. If so, identify each item of damage.

    **ANSWER**

11. Identify all underwriting reports in Defendant's possession or control for the Property.

    **ANSWER**

12. Identify the amount of attorneys' fees incurred by Defendant to date and in connection with this amount state:
    a. The activities and work performed from the inception of the representation of Defendant through Present.
    b. The amount of time spent on each of the activities performed from the inception of the representation through Present.
    c. The name and hourly rate charged by each of the attorneys representing Defendant in this case from the inception of the representation until Present; and the date in which the representation of Plaintiff began by each attorney.

    **ANSWER**

13. What is your compensation arrangement with your expert witness in this case?

    **ANSWER**

14. State every basis, in fact and based on the terms of the policy, for defendant's denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s)

**ANSWER**

15. If you contend that the Policy is void for any reason, state the factual basis for that contention.

**ANSWER**

19

## REQUEST FOR PRODUCTION TO INSURER

1.     The following insurance documents issued for the Properties as identified in the Petition:

    a.     the policy at issue for the date of loss as identified in the Petition; and

    b.     the policy declarations page for the 3 years preceding the storm.

RESPONSE:

2.     Produce underwriting files and documents relating to the underwriting for all insurance policies for the Properties identified in the Petition. This request is limited to the past 3 years. To the extent Defendant contends that the underwriting file or documents older than 3 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:

3.     All documents relating to the condition or damages of the Properties or any insurance claim on the Properties identified in the Petition.

RESPONSE:

4.     All documents relating to any real property insurance claims made by Plaintiff at the insured premises that are the basis of this Lawsuit or business interruption, loss of income and/or business loss claims made by the Plaintiff(s). This request is limited to the past 3 years. To the extent Defendant contends that documents older than 3 years impact the damages or coverage, produce that document.

RESPONSE:

5.     All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage, business interruption, loss of income and/or business loss.

RESPONSE:

6.     All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Properties, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

RESPONSE:

20

7.      All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Properties made the basis of this Lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

8.      Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

9.      A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

10.     All organizational charts, diagrams, lists, and/or documents reflecting each department. Division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

11.     All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the storm made the basis of plaintiff's claim for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications.

RESPONSE:

12.     If an engineer and/or engineering firm evaluated the Properties, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

13.     Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last 3 years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

14.     All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:

15.     All documents relating to issues of honesty, criminal actions. past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

16.     All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

17.     All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

18.     Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

RESPONSE:

19.     All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

20. Any email or document that transmits, discusses, or analyzes any report produced in response lo Request for Production No. 21 above.

RESPONSE:

21. For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, all documents or tangible things that have been provided to, reviewed by, or prepared for any testifying expert.

RESPONSE:

22. Pursuant to Texas Rule of Evidence 609(1), provide all documents evidencing conviction of a crime which You intend to use as evidence to impeach any party or witness.

RESPONSE:

23. All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

24. All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

25. To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:

23

Received and E-Filed for Record
3/30/16 11:00:09 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-03-02934

| | | |
|---|---|---|
| GERARD KEARNEY, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| ALLSTATE INDEMNITY COMPANY, | § | |
| | § | |
| Defendant. | § | 284TH JUDICIAL DISTRICT |

## <u>DEFENDANT ALLSTATE INDEMNITY COMPANY'S<br>ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Indemnity Company ("Defendant"), and files this its Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court the following:

### I.
### <u>ORIGINAL ANSWER</u>

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### DEMAND FOR JURY TRIAL

Defendant herein makes demand for a jury trial in this case, and will tender the applicable fees thereon.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Indemnity Company prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, but Defendant

goes hence without delay and recovers costs of court and other such further relief, both general and

special, to which Defendant may be justly entitled.

Respectfully submitted,

   /s/Jay Scott Simon
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8216
Telecopy: (713) 403-8299

Roger D. Higgins
State Bar No. 09601500
rhiggins@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209

**ATTORNEYS FOR DEFENDANT ALLSTATE
INDEMNITY COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on April 11, 2016, a true and correct copy of the foregoing was
delivered to the following counsel for Plaintiff by electronic service:

Matthew J. Worrall
THE POTTS LAW FIRM, LLP
100 Waugh Drive, Suite 350
Houston, Texas  77007

   /s/Jay Scott Simon
Jay Scott Simon